Babak Semnar, Esq. (SBN 224890)
Bob@sandiegoconsumerattorneys.com
Jared M. Hartman, Esq. (SBN 254860)
jared@sandiegoconsumerattorneys.com
SEMNAR & HARTMAN, LLP
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone (951) 234-0881; Fax (888) 819-8230

Attorneys for Plaintiff, ROBERT ARD

# U.S. DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ARD, an Individual;<br><br>            Plaintiff,<br><br>    vs.<br><br>NAVY FEDERAL CREDIT UNION;<br>and DOES 1-25;<br><br>            Defendants. | Case No.: **'15CV2244 WQHBLM**<br><br>COMPLAINT FOR VIOLATIONS OF:<br>  1. CALIFORNIA ROSENTHAL ACT,<br>  2. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE SUPERIOR COURT JUDGE:

Complainant, ROBERT ARD, an Individual, by and through his attorneys of record, BABAK SEMNAR and JARED M. HARTMAN of SEMNAR & HARTMAN, LLP, hereby complains and alleges in this Complaint as follows:

## **INTRODUCTION**

1.     This action arises out of Defendant NAVY FEDERAL CREDIT UNION's (hereinafter "Defendant NFCU") violations of the State of California Rosenthal Act

1   (hereinafter "Rosenthal Act") (California Civil Code §§1788-1788.32); and the

2   California Consumer Credit Reporting Agencies Act (hereinafter "California CCRAA")

3   (Calif. Civ. Code §1785.25(a)).

4       2.      Plaintiff makes the allegations below on information and belief, with the

5   exception of those allegations that pertain to Plaintiff personally, or to Plaintiff's

6   counsel, which Plaintiff alleges on personal knowledge.

7       3.      While many violations are described below with specificity, this

8   Complaint alleges violations of the statutes cited in their entirety.

9                       **JURISDICTION & VENUE**

10      4.      Jurisdiction of this Court is proper pursuant to 28 U.S.C. 1332(a)(1)

11  concerning the subject matters addressed herein because Defendant NFCU is a citizen

12  of the State of Virginia whose principal place of business is located at 820 Follin Lane

13  SE, City of Vienna, State of Virginia; because Plaintiff is a citizen of the State of

14  California; and because the extremely severe emotional harm inflicted upon Plaintiff by

15  Defendant on its face exceeds the $75,000.00 threshold in damages.

16      5.      All causes of actions arising from Defendant's violations occurred while

17  Plaintiff resided within the boundaries of the County of San Diego, State of California.

18      6.      Defendant is a credit union whose principal place of business is located at

19  820 Follin Lane SE, City of Vienna, State of Virginia, but has several physical offices

20  within the State of California for the purpose of conducting banking and credit

21

**Complaint for Damages**

transactions with residents within the State of California, and therefore personal jurisdiction is established.

7.     Because all tortious conduct occurred while Plaintiff resided in the County of San Diego, venue properly lies in this Court.

## PARTIES & DEFINITIONS OF
## CONSUMER RIGHTS LAWS

8.     Plaintiff is a natural person whose permanent residence is in the County of San Diego, State of California.

9.     Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant arising out of late payments upon lines of personal credit, alleged to have been due and owing, is therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

10.     Defendant alleged that Plaintiff owed them money upon late payments upon lines of personal credit and a vehicle loan, and Plaintiff is therefore informed and believes that the money alleged to have been owed originated from monetary credit that was extended to primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

11.     Upon information and belief, Defendant was reporting late payments upon Plaintiff's personal consumer credit reports in an attempt to collect on debts that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the

3
**Complaint for Damages**

1   meaning of Calif. Civil Code § 1788.2(e) of the Rosenthal Act.

2       12.   Because Plaintiff is a natural person allegedly obligated to pay money

3   arising from a consumer credit transaction, the money allegedly owed was a "consumer

4   debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

5       13.   Plaintiff is informed and believes that Defendant regularly collects or

6   attempts to collect on behalf of themselves debts owed or due or asserted to be owed or

7   due, and is therefore a "debt collector" within the meaning of Calif. Civil Code §

8   1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the

9   meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, is also therefore a

10  "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act,

11  and is also a "creditor" under California Civil Code § 1788.2(i).

12      14.   As it pertains to the California CCRAA, Plaintiff is a natural person, and is

13  therefore a "consumer" as that term is defined by Calif. Civ. Code § 1785.3(b) of the

14  California CCRAA.

15      15.   As it pertains to the California CCRAA, that cause of action herein

16  pertains to Plaintiff's "consumer credit reports", as that term is defined by Calif. Civ.

17  Code § 1785.3(c) of the California CCRAA, in that inaccurate misrepresentations of

18  Plaintiff's creditworthiness, credit standing, and credit capacity were made via written,

19  oral, or other communication of information by a consumer credit reporting agency,

20  which is used or is expected to be used, or collected in whole or in part, for the purpose

21  of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit

**Complaint for Damages**

to be used primarily for personal, family, or household purposes, and employment purposes.

16.    As it pertains to the California CCRAA, Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Calif. Civ. Code § 1785.3(j) of the California CCRAA.

## FACTUAL ALLEGATIONS

17.    At some point prior to the year 2013, Plaintiff incurred lines of personal credit with Defendant as well as a vehicle loan.

18.    Plaintiff incurred these accounts of credit to assist him in paying for everyday life expenses and for a vehicle, with a promise that Plaintiff would repay the loaned amount with interest.  As a result, the money loaned to Plaintiff by Defendant amounted to a consumer credit transaction within the meaning of the Rosenthal Act.

19.    After incurring these accounts of credit, Plaintiff suffered a significant brain injury due to blunt force trauma as a result of being hit in the head with a baseball bat by a Navy Chaplain against whom Plaintiff agreed to testify in courts martial proceedings for sexual assault inflicted upon Plaintiff (and others) by the Navy Chaplain.

20.    As a result of the brain injury, Plaintiff was ultimately discharged by the U.S. Navy and placed on permanent disability.

21.    The Navy Chaplain also stalked Plaintiff and his family and threatened physical violence upon Plaintiff's children, which caused Plaintiff to go into hiding for

**Complaint for Damages**

1    protection.

2        22.    As a result of the above events, Plaintiff was unable to repay the lines of

3    credit owed to Defendant and he therefore went into default on the accounts.

4        23.    In February or March 2013, Plaintiff's father helped by providing money

5    to Plaintiff to pay off the debts owed to Defendant.

6        24.    In March of 2013, Defendant furnished to Plaintiff a letter indicating that

7    the accounts subject of this matter were settled, and the letter promises to change the

8    reporting of each account as a charge-off to instead report each account as closed,

9    settled, with a $0.00 balance due.

10       25.    Plaintiff has been trying desperately to get his life back on track and to

11   provide for his family.

12       26.    However, in February 2015, Plaintiff discovered that Defendant is still

13   reporting on his consumer credit reports the false information that he is still in default

14   on the accounts of credit at issue, still reporting the accounts are in charge-off, and that

15   Plaintiff still owes a balance due on the accounts.

16       27.    This information is completely false, as the letter furnished to Plaintiff in

17   2013 by Defendant affirmatively shows that Plaintiff settled the debts as requested by

18   Defendant, and that Defendant would report to the credit reporting agencies that the

19   accounts were closed, settled, and have a $0.00 balance due, and to also remove any

20   reporting of the accounts as charged off.

21       28.    In February 2015, Plaintiff retained the services of a credit repair

6

**Complaint for Damages**

organization to assist him in disputing the information being furnished by Defendant and to rectify the inaccuracies.

29.    Plaintiff paid a monthly fee to the credit repair organization every month from February 2015 until October 2015, and therefore suffered actual damages by way of these out of pocket costs.

30.    The credit repair organization sent upwards of 12 disputes regarding Defendant's inaccurate reporting, but the problem never got fixed.

31.    In July of 2015, Plaintiff obtained a new vehicle loan and has recently learned that he is paying a higher interest rate on the vehicle loan due to his credit score being lower than it should otherwise be.

32.    In September 2015, Plaintiff was denied pre-qualification for a $385,000.00 home loan, and was informed that the denial is in substantially large part due to Defendant's accounts still reflecting as a charge-off on his credit reports.

33.    Plaintiff's family is consequently forced to pay approximately $300.00 more in monthly rent for an apartment than they should otherwise be paying for a mortgage and building equity in a home.

34.    Plaintiff is also unable to secure educational loans due to his credit score being lower than it otherwise should be but-for Defendant's inaccurate reporting.

35.    Plaintiff has been informed by his home loan officer that, if Defendant's reporting were to have the charge-off removed as Defendant promised and reflect a $0.00 balance due, then he would be able to finalize his pre-qualification application.

**Complaint for Damages**

36.     Should the inaccurate information described above not be corrected by Defendant, then Plaintiff will continue to be stalled in his ability to move forward as a consumer and will be prevented from re-building his life and providing for his family.

37.     After discovering that the disputes from the credit repair organization did not fix the problem, Plaintiff tried to rectify the problem informally on his own by calling Defendant and was eventually put in touch with Defendant's internal collection department.

38.     Plaintiff spoke to a woman identified as Ms. R. Williams, who unfortunately refused to listen to Plaintiff's explanation of having paid the loans off in 2013 and who instead insisted that Plaintiff still owed the money.   She yelled at Plaintiff and threatened that she will continue the negative credit reporting for 20 years if she has to until Plaintiff pays the balance allegedly due on the loans, and she also threatened to simply garnish his tax returns if he does not voluntarily pay.

39.     Plaintiff requested validation from her that the loans were still due and not paid off, and she again yelled at him that she wasn't going to even look up the information for him because it's not her job.

40.     Plaintiff then went into a local branch for Defendant and requested the account records, and they simply printed out letters for each account number that were drafted by "R. Williams, Recovery Specialist, Collections".

41.     These letters prepared by Ms. Williams claim that he has a past due balance on each account and structure a proposed settlement plan for each balance

1 | allegedly due.

2 |     42.   Plaintiff requested that the branch employee provide him with validation

3 | that he still owes the loans, and the employee claimed that the accounts were too old for

4 | her to look up any documents and that he would have to deal with Ms. Williams about

5 | the accounts.

6 |     43.   Plaintiff requested to speak to a manager, and the employee claimed that

7 | she didn't know where the managers were and refused to look for a manager and that

8 | they would only provide Plaintiff with a voicemail for the manager.

9 |     44.   Plaintiff's message for the manager was returned with a voicemail being

10 | left by the manager claiming that the collections department is refusing to provide the

11 | manager with any records on the accounts and therefore the manager cannot assist

12 | Plaintiff.

13 |     45.   Plaintiff suffers from multiple mental illnesses, including anxiety,

14 | depression, and post-traumatic stress disorder.

15 |     46.   These events with Defendant have caused Plaintiff to have to re-live the

16 | trauma inflicted upon him by the Navy Chaplain, as he has been forced to recount the

17 | events of his life in 2012-2013 since his default on the accounts were a direct result of

18 | the traumatic brain injury and need for hiding.

19 |     47.   As a direct result of the way Defendant has treated Plaintiff in recent

20 | months, Plaintiff has felt worthless as a human being and has felt as if he is completely

21 | unable to assist his wife in their efforts to provide a home for their family, and as a

**Complaint for Damages**

1    result he has suffered several incidents of suicidal ideation.

2         48.    Plaintiff has gone to his counselor multiple times to discuss these events

3    with Defendant, and has requested that he be prescribed additional medications for

4    insomnia, anxiety, and depression in order to cope with the feelings of despair,

5    depression, and hopelessness that Defendant has forced him to feel.

6         49.    The way Ms. Williams has treated Plaintiff also caused him to feel

7    worthless and hopeless, as she screamed at him, refused to help him, threatened to

8    garnish his taxes, and threatened to continue the credit reporting for 20 years, when

9    Plaintiff was simply trying to rectify a clear mistake in Defendant's records.

10        50.    Plaintiff is informed and believes that Defendant's conduct above was

11   willful, as he tried multiple times to rectify the problem by informing Defendant that he

12   paid off the loans and he even showed to the branch employee the 2013 letter

13   confirming the accounts were settled, yet Defendant has still failed to rectify the

14   problem.

15        51.    Plaintiff is also informed and believes that Defendant's conduct was

16   willful, as the multiple disputes submitted by the credit repair organization should have

17   caused Defendant to research the account, yet Defendant simply updated the credit

18   reporting to show that Plaintiff disputes the reporting and Defendant persisted in

19   reporting that Plaintiff remains in default with a charged-off balance due on each

20   account.

21   ///

**Complaint for Damages**

## FIRST CAUSE OF ACTION
## CALIF. ROSENTHAL ACT
## CALIF. CIV. CODE §§ 1788-1788.32

52.    Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

53.    By reporting false information upon Plaintiff's consumer credit report that Plaintiff is presently past due and in charge-off on the accounts that he clearly settled in 2013, Defendant has committed the following violations of the Federal FDCPA:

    a.   Engaged in unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the Federal FDCPA;

    b.   Uttered false, deceptive, and misleading representations in connection with their attempt to collect a debt in violation of 15 U.S.C. § 1692e of the Federal FDCPA;

    c.   Falsely represented the character and legal status of any debt in violation of 15 U.S.C. § 1692e(2) of the Federal FDCPA;

    d.   Communicated credit information that is known or should be known to be false in violation of 15 U.S.C. § 1692e(8) of the Federal FDCPA;

    e.   Used false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10) of the Federal FDCPA; and

    f.   Used unfair and unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the Federal FDCPA.

54.     By Ms. Williams screaming at Plaintiff, refusing to assist Plaintiff by looking up the account records, claiming that he still owes the alleged balance due, threatening that she will continue credit reporting for 20 years, and also threatening to garnish his taxes, Defendant has committed the following violations of the Federal FDCPA:

      a.  Engaged in unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the Federal FDCPA;

      b.  Uttered false, deceptive, and misleading representations in connection with their attempt to collect a debt in violation of 15 U.S.C. § 1692e of the Federal FDCPA;

      c.  Falsely represented the character and legal status of any debt in violation of 15 U.S.C. § 1692e(2) of the Federal FDCPA;

      d.  Threatened to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5) of the Federal FDCPA;

      e.  Used false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10) of the Federal FDCPA; and

      f.  Used unfair and unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the Federal FDCPA.

55.     All of the above violations of the FDCPA are incorporated into the

**Complaint for Damages**

Rosenthal Act via Calif. Civil Code § 1788.17, and are therefore all violations of the Rosenthal Act.

56.    Upon information and belief, these violations were willful because Plaintiff informed Defendant's agents multiple times that the accounts were settled and closed and even showed the 2013 confirmation letter to Defendant's branch employee, but every single one of Defendant's agents have refused to accept his efforts at resolution.

57.    Plaintiff is also informed and believes that Defendant's conduct was willful, as the multiple disputes submitted by the credit repair organization should have caused Defendant to research the account, yet Defendant simply updated the credit reporting to show that Plaintiff disputes the reporting and Defendant persisted in reporting that Plaintiff remains in default with a charged-off balance due on each account.

58.    As a result of these violations, Plaintiff has suffered actual damages in that his credit score has dropped to a point lower than what it otherwise should be, is paying a higher interest rate on a vehicle loan as a result, has been unable to secure educational funding, has been denied pre-qualification for a $385,000.00 home loan, and has suffered mental anguish by way of loss of sleep, anxiety, embarrassment, frustration, suicidal ideation, and feelings of despair.

///

///

///

**Complaint for Damages**

**SECOND CAUSE OF ACTION**
**CALIFORNIA CCRAA**
**Calif. Civ. Code § 1785.25(a)**

59.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs as if fully stated herein.

60.     As the furnisher of information to credit reporting agencies, Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a) of the California CCRA.

61.     Even if the derogatory reporting is technically accurate, it is still a violation of this law if the derogatory reporting is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Cisneros v. U.D. Registry, Inc.* (1995) 39 Cal. App. 4th 548.

62.     Because Defendant has reported upon Plaintiff's consumer credit reports that he still owes a balance due on the accounts and the accounts are in charge-off status, even though Defendant's letter from 2013 promises to update the reporting that the accounts were closed, settled, $0.00 balance due, and remove the reporting of charge-off, Defendant has thereby repeatedly violated its obligations under Calif. Civ. Code § 1785.25(a).

63.     Upon information and belief, these violations were willful because Plaintiff informed Defendant's agents multiple times that the accounts were settled and closed

and even showed the 2013 confirmation letter to Defendant's branch employee, but every single one of Defendant's agents have refused to accept his efforts at resolution.

64.    Plaintiff is also informed and believes that Defendant's conduct was willful, as the multiple disputes submitted by the credit repair organization should have caused Defendant to research the account, yet Defendant simply updated the credit reporting to show that Plaintiff disputes the reporting and Defendant persisted in reporting that Plaintiff remains in default with a charged-off balance due on each account.

65.    As a result of these violations, Plaintiff has suffered actual damages in that his credit score has dropped to a point lower than what it otherwise should be, is paying a higher interest rate on a vehicle loan as a result, has been denied educational funding, has been denied pre-qualification for a home loan, and has suffered mental anguish by way of loss of sleep, anxiety, embarrassment, frustration, suicidal ideation, and feelings of despair.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against all Defendants individually, and Plaintiff be awarded damages as follows:

**As To the First Cause of Action:**

1.    An award of actual damages pursuant to California Civil Code section 1788.30(a), as will be proven at trial; plus

2.    An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §

**Complaint for Damages**

1788.30(b) for willful and knowing violations, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32; plus

3.     An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif. Civ. Code §1788.17, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32; plus

4.     An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code section 1788.30(c).

**<u>As to the Second Cause of Action:</u>**

1.     Actual damages, as will be proven at trial, for Defendant's negligent violations of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(1); or

2.     Actual damages, as specified above and as will be proven at trial, plus punitive damages of $100.00-$5,000.00 for every willful violation of Calif. Civ. Code § 1785.25(a) by Defendant, pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C); plus

3.     Injunctive relief for Defendant to remove all inaccurate and incomplete derogatory reporting of the account in questions, pursuant to Calif. Civ. Code § 1785.31(b);

4.     Any reasonable attorney's fees and costs to maintain the instant action, pursuant to Calif. Civ. Code § 1785.31(d).

///

16
**Complaint for Damages**

DATED: 10/8/2015          SEMNAR & HARTMAN, LLP

                          */s/ Jared M. Hartman*
                          JARED M. HARTMAN, Esq.
                          Attorney for Plaintiffs

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and so demand, a trial by jury.

DATED: 10/8/2015          SEMNAR & HARTMAN, LLP


                          */s/ Jared M. Hartman*
                          JARED M. HARTMAN, Esq.
                          Attorney for Plaintiffs

**Complaint for Damages**